IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 2, 2026

**STATE OF TENNESSEE v. RONNIE KEITH REA**

**Appeal from the Circuit Court for Decatur County**
**No. 22-CR-21      J. Brent Bradberry, Judge**

_____

**No. W2025-00384-CCA-R3-CD**
_____

Defendant, Ronnie Keith Rea, appeals from his convictions for three counts of aggravated sexual battery and one count of solicitation of a minor. On appeal, he raises five issues. After a thorough review of the record, the parties' briefs, and the applicable law, we conclude that four of the five issues have been waived. The only preserved issue is Defendant's challenge to the sufficiency of the evidence, which we find legally sufficient to support his convictions. Accordingly, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and JOHN W. CAMPBELL, SR., JJ., joined.

James Richard McFall, Counce, Tennessee, for the appellant, Ronnie Keith Rea.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Michael J. Hurst, Qualified Law Student Approved Under Tenn. Sup. Ct. R. 7, Sec. 10.03; Matthew F. Stowe, District Attorney General; and K. Michelle Morris, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

In January 2022, a Decatur County Grand Jury indicted Defendant with one count of indecent exposure (count one), three counts of aggravated sexual battery (counts two through four), five counts of sexual battery by an authority figure (counts five through nine), and one count of solicitation of a minor (count ten). The charging period for the

aggravated sexual battery and solicitation of a minor charges[1] was June 2013 through August 2013.  Prior to trial, the State dismissed count one; counts five through nine were severed.  The remaining four counts proceeded to trial.

At trial, the victim, Defendant's daughter E.R.[2], testified that Defendant molested her when she was approximately six years old and living with her grandparents in Decaturville.  She described several instances of sexual contact occurring in various locations of the home and in the swimming pool during warm months when she was in second or third grade.  She could not recall specific dates but consistently testified that she was between five and seven years old.  She recounted that in the basement, when she was removing laundry from the washing machine, Defendant exposed his penis and asked her to put it in her mouth.  She also described an incident in the swimming pool during which Defendant removed her bathing suit bottoms, placed her in his lap, and touched his penis to her vagina.  She testified that he touched her vagina with his hands during other incidents and warned her repeatedly not to tell anyone.

Investigator Rebecca Hutson testified that in 2021 she was employed by the Decatur County Sheriff's Office as the investigator assigned to child sexual abuse cases.[3]  After receiving allegations that Defendant had sexually abused his daughter, E.R., she initiated the standard investigative protocol, which included arranging for the child to undergo a forensic interview at the Carl Perkins Center.  Investigator Hutson explained the forensic interview process, emphasizing that it is conducted by a trained interviewer using non-leading questions, with law enforcement viewing the interview remotely.

Investigator Hutson observed E.R.'s forensic interview and, based on the disclosures made, proceeded to interview Defendant on September 2, 2021, at the Decatur County Detention Center.  Before questioning, she advised him of his *Miranda*[4] rights, confirmed his understanding, and obtained a signed waiver.  She testified that Defendant appeared coherent, showed no signs of impairment or intoxication, and denied being under the influence of drugs or alcohol.  According to Investigator Hutson, nothing in Defendant's demeanor suggested he did not understand his rights or the questions being asked.  His physical condition did not indicate drug withdrawal or any impairment that would call the voluntariness of the interview into question.  On cross-examination, she reiterated that she saw no tremors, confusion, or other symptoms of withdrawal, and that Defendant's only comment about being "sick" related to a possible COVID infection.  She further testified that Defendant denied recent drug use, and she saw no indicators contradicting that statement at the time.

---

[1] These counts were relabeled at trial as counts A, B, C, and D.

[2] It is the practice of this court to refer to minor victims by his or her initials.

[3] At the time of trial, Hutson was employed by the Jackson Police Department.

[4] *Miranda v. Arizona*, 384 U.S. 436 (1966).

During the interview, Defendant admitted he touched E.R.'s breasts in the swimming pool and touched her vagina with his hand in the basement. He also said the basement and pool incidents occurred "within a week or two" of each other during the summer when E.R. was six. Defendant's interview was recorded and portions of the video were played for the jury.

Defendant did not testify and presented no proof. The jury returned guilty verdicts on all four counts, and the trial court imposed an effective sentence of fifty-six years in the Tennessee Department of Correction.

Defendant filed a timely motion for new trial, challenging only the sufficiency of the evidence. The trial court denied the motion, and Defendant filed a timely notice of appeal.

**Analysis**

Defendant raises five issues on appeal.[5] The State contends that four of these are waived because they were not preserved in the trial court through contemporaneous objections or inclusion in the motion for new trial. The State also argues that, due to this waiver and Defendant's failure to request plain error review, this court should decline review of these issues. The only properly preserved issue is Defendant's challenge to the sufficiency of the evidence. The State responds that the proof at trial, including Defendant's own statements, fully supports the jury's verdict. We agree with the State.

I. Waived Issues

Defendant raises four issues that are not properly before this Court: (1) the denial of his motion to suppress involuntary statements; (2) the denial of his motion for mistrial after prejudicial opening statements; (3) the trial court's handling of the jury's request to review evidence during deliberations; and (4) the denial of his motion for new trial on grounds other than sufficiency. Because none of these issues were included in Defendant's motion for new trial and none were the subject of a contemporaneous objection at trial, each is waived. *See* Tenn. R. App. P. 3(e); *State v. Vance*, 596 S.W.3d 229, 253-54 (Tenn. 2020); *State v. Pewitte*, ___ S.W.3d ___, No. W2024-01128-CCA-R3-CD, 2025 WL 3510902, at *4 (Tenn. Crim. App. Dec. 8, 2025), (citing *State v. Ruiz*, 716 S.W. 3d 439, 453 (Tenn. Crim. App. 2024)) ("To preserve an issue for appeal, the party should first assert a timely objection in the trial court,

---

[5] We have reordered Defendant's issues for clarity. Additionally, in the Standard of Review section of Defendant's brief, he appears to attempt to raise a cumulative error claim. However, because he includes no argument or citations to the authorities relied upon, we decline to address cumulative error. *See* Tenn. R. App. P. 27(a)(7).

identifying a specific ground.  The party then must later raise that same issue in a timely, written motion for a new trial.  Otherwise, the party waives plenary review of the issue on appeal."), *perm. app. denied* (Tenn. May 21, 2026).

Additionally, Defendant failed to include in the appellate record the transcript of any suppression hearing, which independently precludes review.  *See* Tenn. R. App. P. 24(b); *State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993) ("Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies, an appellate court is precluded from considering the issue.").

Although waived issues may, in limited circumstances, be reviewed for plain error, such review is reserved for errors that satisfy the five-factor test set forth in *State v. Adkisson*, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994) and adopted by our supreme court in *State v. Smith*, 24 S.W.3d 274, 282-83 (Tenn. 2000); *see also State v. Dotson*, 450 S.W.3d 1, 49 (Tenn. 2014).[6]

Here, Defendant has not requested plain error review in his brief.  Tennessee appellate courts have consistently held that when a defendant neither acknowledges waiver nor requests plain error review, an appellate court should decline to conduct such review.  *See Ruiz,* 716 S.W.3d at 453 ("To be clear, a party seeking plain error relief must generally raise and argue the issue in the party's briefing, just as the party would do with all other issues in the ordinary course of an appeal" (citation omitted)); *see also, State v. Funk*, No. E2022-01367-CCA-R3-CD, 2023 WL 7130289, at *2–3 (Tenn. Crim. App. Oct. 30, 2023) ("Because the defendant bears the burden of showing an entitlement to plain error relief, a defendant's failure to request this relief necessarily weighs against any such consideration on our own."), *no perm. app. filed*; *State v. Neece*, No. E2023-01654-CCA-R3-CD, 2026 WL 413050, at *5 (Tenn. Crim. App. Feb. 13, 2026) (declining to conduct plain error review when defendant first requested relief under the plain error doctrine in his reply brief), *perm. app. filed*; *State v. Maxwell*, No. M2024-00786-CCA-R3-CD, 2026 WL 592500, at *8 (Tenn. Crim. App. Mar. 3, 2026) ("Importantly, the appellant requesting relief of an unpresented or unpreserved issue has the burden of persuading the appellate court that plain error relief is warranted to correct the trial court's obvious error.  In light of this burden of persuasion, an appellant's failure to request plain error review weighs against consideration of an unpresented or unpreserved issue."  (citations omitted)), *no perm. app. filed*.  On this basis alone, this

---

[6] "When conducting plain error review, this Court will grant relief only when the following five prerequisites are satisfied: (1) the record clearly establishes what occurred in the trial court; (2) a clear and unequivocal rule of law was breached; (3) a substantial right of the accused was adversely affected; (4) the accused did not waive the issue for tactical reasons; and (5) consideration of the error is necessary to do substantial justice."  *State v. Dotson*, 450 S.W.3d 1, 49 (Tenn. 2014).

- 4 -

court can decline to review the waived issues for plain error. Further, Defendant's failure to provide citations to the record in support of the factual assertions underlying the suppression and mistrial claims is yet another independent basis for waiver. *See* Tenn. R. App. P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b); *State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997) (citing *State v. Hammons*, 737 S.W.2d 549, 552 (Tenn. Crim. App. 1987)).

Accordingly, we decline to consider the waived issues.

## II. Sufficiency of the Evidence

When evaluating the sufficiency of the evidence on appeal, the relevant question is whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Wagner*, 382 S.W.3d 289, 297 (Tenn. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *see* Tenn. R. App. P. 13(e). The State is entitled to the strongest legitimate view of the evidence presented at trial and to all reasonable and legitimate inferences that may be drawn from the evidence. *State v. Gibson*, 506 S.W.3d 450, 458 (Tenn. 2016). This court will not reweigh or reevaluate the evidence, and it may not substitute its inferences drawn from circumstantial evidence for those drawn by the trier of fact. *State v. Davis*, 466 S.W.3d 49, 70 (Tenn. 2015). A jury's verdict of guilt, approved by the trial court, resolves conflicts of evidence in the State's favor and accredits the testimony of the State's witnesses. *State v. Smith*, 436 S.W.3d 751, 764 (Tenn. 2014). "Questions concerning the credibility of witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact." *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997).

A guilty verdict replaces the presumption of innocence with one of guilt, and on appeal, the burden of demonstrating that the evidence is insufficient to support the conviction is on the defendant. *State v. Cole*, 155 S.W.3d 885, 897 (Tenn. 2005). This standard of review applies to guilty verdicts based upon direct or circumstantial evidence. *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (citing *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)). In *Dorantes*, our supreme court held that "direct and circumstantial evidence should be treated the same when weighing the sufficiency of such evidence." *Id.* at 381.

Aggravated sexual battery occurs when a defendant has unlawful sexual contact with a victim who is less than thirteen years old. T.C.A. § 39-13-504(a)(4). "Sexual contact" includes intentional touching of the victim's intimate parts, including the genital area and breasts, if the touching can reasonably be construed as for sexual arousal or gratification. *Id.* § 39-13-501(6). A person eighteen years of age or older commits

solicitation of a minor when he intentionally requests a minor to engage in conduct that, if completed, would constitute rape of a child. *Id.* § 39-13-528(a)(1). At the time of the offense, rape of a child required unlawful sexual penetration of a victim more than three but less than thirteen years old. *Id.* § 39-13-522(a) (2013).

E.R. testified that Defendant touched her vagina with his penis in the swimming pool, touched her vagina with his hand on multiple occasions, and touched her on or near her breasts. All of these incidents occurred when she was about six years old. Defendant admitted touching E.R.'s breasts in the pool, admitted touching her vagina with his hand in the basement, and acknowledged that these events occurred when she was six years old. On appeal, Defendant argues that E.R. could not recall specific dates. However, a precise date is not an element of either offense. The State must prove only that the offense occurred within the time frame indicated on the indictment. *See State v. Campbell*, 904 S.W.2d 608, 611-12 (Tenn. Crim. App. 1995). Defendant's own statements placed the acts during the summer when E.R. was six years old, which corresponds to the June-August 2013 time frame alleged in the indictment.

Additionally, E.R. testified that in the basement, Defendant exposed himself and asked her to put his penis in her mouth. She attempted to do so, then fled upstairs as he chased her. Defendant stated that such an incident "might have happened." He also admitted that E.R. was six years old.

A rational jury could conclude that these incidents of touching constituted unlawful sexual contact for purposes of sexual arousal or gratification. Credibility determinations are exclusively within the jury's province. *State v. Evans*, 108 S.W.3d 231, 236 (Tenn. 2003). A request that a six-year-old place her mouth on Defendant's penis constitutes solicitation of conduct that, if completed, would have been rape of a child. The jury could rationally find that the defendant acted intentionally.

Viewing the evidence in the light most favorable to the State, a rational juror could find all elements of aggravated sexual battery and solicitation of a minor beyond a reasonable doubt. The evidence is sufficient.

## CONCLUSION

For the foregoing reasons, the judgments of the trial court are affirmed.


s/*Jill Bartee Ayers*
JILL BARTEE AYERS, JUDGE

- 6 -